# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

JOHN DOE 101,

    Plaintiff,

vs.                                    No. 2:19-cv-00221 WJ/GBW

CATHOLIC DIOCESE OF EL PASO,
CONVENTUAL FRANCISCAN FRIARS,
*Province of Our Lady of Consolation, Inc.,*
ST. EDWARD PARISH, INC., and
ST. EDWARD SCHOOL, INC.,

    Defendants.

## MEMORANDUM OPINION AND ORDER
## GRANTING MOTION TO REMAND

THIS MATTER is before the Court upon Plaintiff's Motion to Remand, filed on April 8, 2019 **(Doc. 22)**, and Plaintiff's Motion to Stay Further Proceedings and Briefing Pending a Decision on Plaintiff's Motion to Remand, filed on April 8, 2019 **(Doc 24)**. Having reviewed the parties' pleadings and applicable law, the Court finds that Plaintiff's Motion to Remand is well-taken and therefore, is **GRANTED**. Plaintiff's Motion to Stay is **DENIED AS MOOT.** Finally, because the Court lacks subject matter jurisdiction, it declines to rule on the three pending motions to dismiss.

## BACKGROUND

Plaintiff filed a complaint in the Fifth Judicial District Court, County of Eddy, State of New Mexico, and asserted state law claims against Defendants for alleged abuse by Br. Kerry Guillory. Defendants removed this case to this Court based on diversity jurisdiction. On the face of the Notice of Removal, there appears to be lack of complete diversity, because

Defendants St. Edward Parish and St. Edward School are both New Mexico entities with principal places of business in Carlsbad, New Mexico. In the Notice of Removal, Defendants alleged that St. Edward Parish and St. Edward school were fraudulently joined, because no claims could be asserted against the entities. Plaintiff subsequently filed a motion to remand, arguing there is a lack of subject matter jurisdiction and there was no fraudulent joinder. Defendants argue that Plaintiff cannot sue the now incorporated entities, because they were unincorporated at the time of the alleged abuse between 1972 and 1974.

## DISCUSSION

### I. **Diversity Jurisdiction and Fraudulent Joinder.**

Federal courts are courts of limited jurisdiction; thus, there is a presumption against removal jurisdiction, which the defendant seeking removal must overcome. *See Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir.1982); *Martin v. Franklin Capital Corp.,* 251 F.3d 1283, 1290 (10th Cir. 2001). Removal statutes are strictly construed, and ambiguities should be resolved in favor of remand.

Subject-matter jurisdiction under 28 U.S.C. § 1332(a)(1) requires: (i) complete diversity among the parties; and (ii) that the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. However, fraudulent joinder is an exception to the requirement of complete diversity. *Black Iron, LLC v. Helm-Pacific*, 2017 WL 2623846, at *4 (D.Utah, 2017). The joinder of a non-diverse party is "fraudulent" when it serves no purpose other than "to frustrate federal jurisdiction." *Dodd v. Fawcett Publ'ns, Inc.*, 329 F.2d 82, 85 (10th Cir. 1964). A defendant may remove a case to federal court based upon diversity jurisdiction in the absence of complete diversity if a plaintiff joins a non-diverse party fraudulently to defeat federal jurisdiction. *See Am. Nat'l Bank & Trust Co. v. Bic Corp.*, 931 F.2d 1411, 1412 (10th Cir.1991).

The citizenship of fraudulently joined defendants "should be ignored for the purposes of assessing complete diversity." *See Dutcher v. Matheson*, 733 F.3d 980, 987-988 (10th Cir. 2013).

The Tenth Circuit has stated that fraudulent joinder must be "established with complete certainty upon undisputed evidence." *Smoot v. Chicago, Rock Island & Pacific Railroad Co.*, 378 F.2d 879 (10th Cir.1967). In evaluating a claim of fraudulent joinder, "all doubts are to be resolved against removal." *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982). In other words, the removing party "bears a heavy burden of proving fraudulent joinder, and all factual and legal issues must be resolved in favor of the plaintiff." *See Dutcher*, 733 F.3d at 988 (quoting *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 461 (2d Cir. 1998)). This is a high bar for Defendants to meet, and poses a standard "more exacting than that for dismissing a claim under Fed.R.Civ.P. 12(b)(6)" and "which entails the kind of merits determination that, absent fraudulent joinder, should be left to the state court where the action was commenced." *Montano v. Allstate Indemnity,* 2000 WL 525592 at **1-2 (10th Cir. 2000).[1]

The party defending removal may carry this "heavy burden" and successfully assert fraudulent joinder by demonstrating either: (1) actual fraud in the pleading of jurisdictional facts, or (2) the inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013); *Black Iron, LLC v. Helm-Pacific*, 2017 WL 2623846, at *4 (D.Utah, 2017); *see also Montano v. Allstate,* 2000 WL 525592 at **1-2 (to prove fraudulent joinder, the removing party must demonstrate that there is

---

[1] Many district courts within the Tenth Circuit have referred to the standard for fraudulent joinder as requiring clear and convincing evidence. *See Bristow First Assembly of God v. BP p.l.c.*, No. 15-CV-523-TCK-FHM, 2016 WL 5415792, at *2 n.1 (N.D. Okla. Sept. 28, 2016) (finding "no significant difference between the 'complete certainty' language in *Smoot* and the 'clear and convincing' language in other cases); *Spence v. Flynt*, 647 F.Supp. 1266, 1271 (D. Wyo.1986); *Castens v. Conseco Life Ins. Co.*, No. 11–CV–628–TCK, 2012 WL 610001, at *2 (N.D. Okla. Feb. 24, 2012); *De La Rosa v. Reliable, Inc.*, 113 F. Supp. 3d 1135, 1163 (D.N.M. 2015).

no possibility that plaintiff would be able to establish a cause of action against the joined party in state court).

A fraudulent joinder analysis is a jurisdictional inquiry and therefore a district court should "pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available," *Dodd v. Fawcett Publ'ns, Inc.*, 329 F.2d 82, 85 (10th Cir.1964) (citations omitted); *Albert v. Smith's Food & Drug Centers, Inc.* 356 F.3d 1242, 1247 (10th Cir. 2004)(fraudulent joinder analysis is a jurisdictional inquiry); *Smoot,* 378 F.2d at 882 (federal courts may look beyond the pleadings to determine if joinder is fraudulent); *see also De La Rosa v. Reliable, Inc.*, 113 F.Supp.3d at 1151.

II. **Analysis.**

Defendants St. Edward Parish and St. Edward School are now incorporated, and it is undisputed that they now have the power to sue or be sued. Therefore, as incorporated New Mexico entities with a principal place of business in Carlsbad, New Mexico, it appears that their presence in this case defeat diversity jurisdiction.

However, Defendants argue that St. Edward School and St. Edward Parish were fraudulently joined. They argue that St. Edward Parish and St. Edward School cannot be sued for the abuse claims at issue, because they were unincorporated at the time of the alleged abuse and cannot be held liable for the actions of their unincorporated predecessors. *See, e.g., Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013) ("To establish [fraudulent] joinder, the removing party must demonstrate … inability of the plaintiff to establish a cause of action against the non-diverse party in state court.").

At issue appears to be whether the now incorporated parish and school can be sued for liabilities incurred when they were unincorporated, or whether the incorporated entities have any

successor liability for their actions while unincorporated. *See, e.g., Garcia v. Coe Mfg. Co.*, 1997-NMSC-013, ¶ 12, 123 N.M. 34, 38, 933 P.2d 243, 247 (listing four exceptions to general rule that successor corporation is not liable for debts of predecessor corporation). Defendants have not shown that the law on this issue is clear or settled in New Mexico.

Moreover, this analysis will likely involve extensive factual inquiry. There appear to be disputed factual issues which will likely need to be fully developed in a complex merits inquiry after discovery. For example, Plaintiff argues that Defendants St. Edward School and St. Edward Parish are different from their unincorporated predecessors in form only, and therefore open to successor liability. Whether the unincorporated St. Edward Parish and School are in fact predecessors of the now incorporated St. Edward School and Parish appears to be disputed. In the fraudulent joinder analysis, this Court resolves factual issues in Plaintiff's favor.

Alternatively, New Mexico public policy may counsel against allowing Defendants to defeat liability on grounds they were unincorporated, especially where victims may be left without a remedy. *Garcia*, 933 P.2d at 247 (as to tort-based products liability claims, noting successor liability may be available when "an injured person who may be left without a remedy if the predecessor has dissolved, is defunct, or is otherwise unavailable to respond in damages."). For example, if the Court concludes that St. Edward Parish and School cannot be sued because they were unincorporated at the time of the offense, the Diocese may seek dismissal on the same grounds. Defendants do not explain why the Diocese may be sued while unincorporated, but not the Parish or School. Whether Defendants can escape liability based on the corporate form of the entities in question is the kind of merits determination that should be left to the state court. *See, e.g., Batoff v. State Farm Ins. Co.,* 977 F.2d 848, 851-53 (3d Cir.1992) ("A claim which can be dismissed only after an intricate analysis of state law is not so wholly insubstantial and

frivolous that it may be disregarded for purposes of diversity jurisdiction."), *quoted in Montano v. Allstate Indemnity,* 2000 WL 525592 at \*\*1-2 (10th Cir. 2000). Clearly Plaintiff is not suing St. Edward Parish and St. Edward School merely to defeat diversity jurisdiction, but rather, is attempting to include all entities which may plausibly be liable.

Resolving all legal and factual issues in Plaintiff's favor, the Court cannot conclude that Defendants have carried their heavy burden of showing that there is no possibility of asserting a claim against Defendants St. Edward Parish and St. Edward School. *See Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013) ("The defendant seeking removal bears a heavy burden of proving fraudulent joinder, and all factual and legal issues must be resolved in favor of the plaintiff.") (citation and quotation marks omitted); *Smoot v. Chicago, Rock Island & Pac. R.R. Co.,* 378 F .2d 879, 882 (10th Cir.1967) (finding fraudulent joinder where non-liability of joined party was "established with complete certainty."); *see also Montano v. Allstate Indemnity,* 2000 WL 525592 at \*\*1-2 (10th Cir. 2000) ("To prove their allegation of fraudulent joinder [the removing parties] must demonstrate that there is no possibility that [plaintiff] would be able to establish a cause of action against [the joined party] in state court. In evaluating fraudulent joinder claims, we must initially resolve all disputed questions of fact and all ambiguities in the controlling law in favor of the non-removing party. We are then to determine whether that party has any possibility of recovery against the party whose joinder is questioned."), *quoting Hart v. Bayer Corp.*, 199 F.3d 239, 246 (5th Cir. 2000). Thus, Defendants have not satisfied their heavy burden of establishing fraudulent joinder, and as a result, this Court lacks subject matter jurisdiction.

III.  **<u>Motions to Dismiss</u>.**

Because the Court lacks subject matter jurisdiction, the Court declines to rule on the three pending motions to dismiss **(Docs 13, 15 ,16)**.

## CONCLUSION

The Court agrees that Defendants have not overcome their burden of showing that Defendant St. Edward Parish and St. Edward School were fraudulently joined. Therefore, there is a lack of complete diversity, and the Court **REMANDS** this case to state court for lack of diversity jurisdiction.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Remand **(Doc. 22)** is hereby **GRANTED** for reasons described in this Memorandum Opinion and Order;

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Stay **(Doc. 24)** is hereby **DENIED AS MOOT**; and

**IT IS FINALLY ORDERED** that this action is **REMANDED** to the Fifth Judicial District Court, Eddy County, State of New Mexico. The Clerk of Court is hereby directed to take the necessary actions to remand the case.

_____
CHIEF UNITED STATES DISTRICT JUDGE